1
2
3
4
5
6
7
8
9
10
11
12
13

IRELL & MANELLA LLP
Layn R. Phillips (103854)
   lphillips@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:   (949) 760-0991
Facsimile:   (949) 760-5200

IRELL & MANELLA LLP
David Siegel (101355)
   dsiegel@irell.com
Daniel P. Lefler (151253)
   dlefler@irell.com
Garland A. Kelley (225450)
   gkelley@irell.com
Glenn K. Vanzura (238057)
   gvanzura@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Defendant
Broadcom Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| In re BROADCOM CORPORATION CLASS ACTION LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Lead Case No.: CV-06-5036-R (CWx)<br><br>**ORDER RE: STIPULATION FOR PROTECTIVE ORDER**<br><br>Judge:   Hon. Manuel L. Real<br><br>Am. Complaint Filed: October 27, 2008 |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
      The Court has reviewed the Stipulation For Protective Order submitted by the
3
parties attached as Exhibit 1 hereto.
4
      The Stipulation For Protective Order is now entered by the Court.
5
      IT IS SO ORDERED
6
7
Dated:  April 20, 2009

                          Hon. Manuel L. Real
8
                          Judge, United States District Court
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 1 -

IRELL & MANELLA LLP
Layn R. Phillips (103854)
    lphillips@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:   (949) 760-0991
Facsimile:   (949) 760-5200

IRELL & MANELLA LLP
David Siegel (101355)
    dsiegel@irell.com
Daniel P. Lefler (151253)
    dlefler@irell.com
Garland A. Kelley (225450)
    gkelley@irell.com
Glenn K. Vanzura (238057)
    gvanzura@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Defendant
Broadcom Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re BROADCOM CORPORATION CLASS ACTION LITIGATION ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Lead Case No.: CV-06-5036-R (CWx) **STIPULATION FOR PROTECTIVE ORDER** Judge:  Hon. Manuel L. Real Am. Complaint Filed: October 27, 2008 |

2033571

STIPULATION FOR PROTECTIVE ORDER

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1.    Party: any party to this action, including all of its officers, directors, employees, retained consultants, retained experts, and outside counsel (and their support staff).

2.2.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery, or pursuant to any stipulation or agreement between or among the parties, in this matter.

2.3.    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that any Designating Party reasonably believes is entitled to confidential treatment under Fed. R. Civ. P. 26(c) or applicable law.

2.4.    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5.    Producing Party: a Party or non-party, including but not limited to a third-party subpoena recipient, that produces Disclosure or Discovery Material in this action.

2.6.    Designating Party: a Party or non-party, including but not limited to a third-party subpoena recipient, that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7.    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.8.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9.    House Counsel: attorneys who are employees of a Party.

2.10.  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11.  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party, and including all persons within that Expert's organization.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12.  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony or conversations or presentations by parties or counsel in settings that

might reveal Protected Material. The protections conferred by this Stipulation and Order do not, however, cover disclosure of Protected Material or any other information that is offered as evidence at trial in this action. The parties shall attempt to agree upon procedures to prevent disclosure of Protected Material at trial, and shall submit such proposed procedures to the Court for its approval or modification.

4.    DURATION

This Order shall remain in force and effect until modified, superseded, or terminated by order of the Court.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

This Court shall retain jurisdiction over the parties and all persons who agree to be bound by this Order for the purpose of enforcement of the provisions of this Order following the conclusion of this action.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., unnecessarily to encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

5.2.1. for information in documentary form (apart from transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" on the face of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

5.2.2. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material, as if marked "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" on the face of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

- 4 -

5.2.3. for testimony given in deposition, the Party or non-party offering or sponsoring the testimony shall identify on the record the testimony that is "CONFIDENTIAL" before the close of the deposition, or shall provide written notice of the designation to the parties and any other affected person within thirty (30) days after receipt by counsel of the deposition transcript and exhibits.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on the face of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony. Copies of the transcript for Counsel's use may contain both the confidential testimony and other testimony in a single volume.

The parties shall treat all deposition testimony as protected to the fullest extent under this Order until the expiration of thirty (30) days after the receipt by counsel of the deposition transcript and exhibits. Unless so designated, any confidentiality is waived after the expiration of the 30-day period unless otherwise stipulated or ordered.

Only those portions of the testimony that are appropriately designated for protection on the record, before the close of the deposition, or within the 30 days described above shall be covered by the provisions of this Stipulated Protective Order.

The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, or otherwise by written stipulation, without approval of the Court.

5.2.4. for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3.    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order or otherwise for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on notification of the designation, must thereafter make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4.    Inadvertent Production of Information Subject to Privilege, Work Product Protection or Other Protection.  Inadvertent production of material that is claimed to be immune from production because of privilege, work-product protection, or other applicable protection shall not constitute a waiver, provided that the Producing Party asserts a claim of inadvertent production in writing to the Receiving Party within fifteen business days of the discovery of inadvertent production.  Within three (3) business days of receiving written notice of an inadvertent production, the Receiving Party shall return the original to the Producing Party and shall destroy all copies of the inadvertently produced material, or information derived from such material.  The return of any discovery item to the inadvertently producing party shall not waive any claims or arguments under the inadvertent production doctrine, or in any way preclude the receiving party from moving the court for a ruling that the document or thing was never privileged.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer.  A Receiving Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the Receiving Party must explain the basis for its belief that

the confidentiality designation was not proper and must give the Designating Party five (5) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3.    Judicial Intervention.  A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party must provide written notice to the Designating Party, in which the Receiving Party identifies the challenged material and states that it does not accept the Designating Party's justification, and within ten (10) business days the Designating Party must thereafter file and serve a motion under the procedures required by Special Master John Francis Carroll, or in the absence of such procedures, under Local Civil Rule 7 (and in compliance with Local Civil Rule 79-5, if applicable) to justify the confidentiality designation.  Any opposition memoranda shall be filed within five (5) business days thereafter, and any reply memoranda shall be filed within two (2) business days thereafter.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Special Master or the Court rules on the challenge, all parties shall continue to afford the material in question the fullest extent of protection under this Order.  If the Designating Party does not apply to the special master for a ruling on its confidentiality designation within ten (10) business days from the date of the Receiving Party's written notice, the Protected Material(s) at issue will no longer be confidential.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1.    Basic Principles.  Except for the use described in section 7.4 below, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and for no other proceedings or purpose.  Such Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10.2 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

7.2.1.    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

7.2.2.    the named plaintiffs who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.3.    the named defendants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.4.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.5.    retained Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.6.    the Court and its personnel if reasonably necessary to support a Party's filing in this litigation, and subject to any agreement the Parties may later make concerning the filing of documents consistent with the Rules of Court;

7.2.7.    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

7.2.8.    any special masters and/or mediators utilized in this litigation, and their employees and agents;

7.2.9.    persons identified on the face of the document to be the author(s) or recipient(s) of the document or the original source of the information and his/her counsel.

7.2.10.  other persons only after (a) notice to all parties and upon order of the court or special master, (b) upon consent of the producing party, or (c) by having a witness or potential witness in this matter to whom disclosure is reasonably necessary sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Notwithstanding this provision, any party may provide confidential information to any person while that person is providing testimony in connection with this action, without requiring that person to sign an Exhibit A.

7.3.    Any "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by persons receiving Protected Material shall be maintained by counsel who provided the Protected Material to such persons and shall not be subject to disclosure except by Court order or by agreement.

7.4.    Use of Protected Material in Related Government Actions.  Nothing in this Order is intended to or shall preclude the parties from cooperating with or providing Protected Material or documents to the government in connection with any investigations or proceedings, nor shall it preclude the parties from offering into evidence or otherwise using Protected Material in any investigations or proceedings brought by the government against defendants.

7.5.    This Order shall not be construed to affect in any way the admissibility of any document, testimony or other evidence at trial or hearing of this action.  In addition, this Order shall not prejudice in any way the rights of any party to introduce into evidence at trial any document or testimony or other evidence subject to this Order, or prejudice in any way the rights of any party to object to the

authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

Any discovery materials produced in *In re Broadcom Corp. Derivative Litigation*, Case No. CV-06-3252-R (CWx) (C.D. Cal.), that are designated as "CONFIDENTIAL" in that matter shall also be treated as "CONFIDENTIAL" in this action pursuant to the terms of this Order.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    NON-PARTY PROTECTION

A non-party to this action who desires the protection of this Order with respect to any discovery obtained from it in this action may obtain such protection by executing and serving on each party a copy of the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and filing the executed copy with the Court.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person, or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

The Designating Party reserves all of its rights, including but not limited to the right to seek sanctions for disclosure of Protected Material.

10.1.  Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.

10.2.  Final Disposition.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving

- 11 -

Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline, stating that all Protected Material received by the Receiving Party has been returned or destroyed, and affirming that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

11.   <u>MISCELLANEOUS</u>

11.1.  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Moreover, nothing in this Order shall prevent a person or entity which produces documents or information in this action from obtaining a further or different protective order that governs its production of material either by stipulation or pursuant to Court order.

11.2.  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Respectfully submitted,

Dated:  April 17, 2009                    LABATON SUCHAROW LLP


                                          By: _____
                                              Thomas A. Dubbs
                                              Attorneys for Lead Plaintiff
                                              New Mexico State Investment Council

1

2      Dated:  April 17, 2009                IRELL & MANELLA LLP

3

4                                            By: _____
                                                 Daniel P. Lefler
5                                                Attorneys for Defendant
                                                 Broadcom Corporation
6

7      Dated:  April 17, 2009                SKADDEN, ARPS, SLATE, MEAGHER &
                                             FLOM LLP
8

9                                            By: _____
10                                               Matthew E. Sloan
                                                 Attorneys for Defendant
11                                               William J. Ruehle

12

13     Dated:  April 17, 2009                McDERMOTT, WILL & EMERY

14

15                                           By: _____
16                                               Jon Dean
                                                 Attorneys for Defendant Henry Samueli
17

18     Dated:  April 17, 2009                DLA PIPER US LLP

19

20                                           By: _____
21                                               Shirli Fabri-Weiss
                                                 Attorneys for Defendants
22                                               Werner F. Wolfen and Alan E. Ross

23     Dated:  April 17, 2009                O'MELVENY & MYERS LLP
24

25                                           By: _____
26                                               Seth Aronson
                                                 Attorneys for Defendant David A. Dull
27

28

- 13 -

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulation For Protective Order

that was issued by the United States District Court for the Central District of

California on _____ in the case *In re Broadcom Corp. Class*

*Action Litigation*, No. CV-06-5036-R.  I agree to comply with and to be bound by

all the terms of this Stipulation For Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I agree that I will not disclose in any manner any

information or item that is subject to this Stipulation For Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulation For Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 14 -