JOSEPH J. TABACCO, JR.  #75484
Email:  jtabacco@bermandevalerio.com
NICOLE LAVALLEE  #165755
Email:  nlavallee@bermandevalerio.com
**BERMAN DeVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:   (415) 433-6382

*Liaison Counsel for Lead Plaintiff New Mexico
State Investment Council and the Class*

THOMAS A. DUBBS (admitted *pro hac vice*)
Email: tdubbs@labaton.com
JOSEPH A. FONTI (admitted *pro hac vice*)
Email: jfonti@labaton.com
STEPHEN W. TOUNTAS (admitted *pro hac vice*)
Email: stountas@labaton.com
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Lead Counsel for Lead Plaintiff New Mexico
State Investment Council and the Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| In re BROADCOM CORPORATION CLASS ACTION LITIGATION | Lead Case No.:  CV-06-5036-R (CWx)<br><br>**PRELIMINARY APPROVAL ORDER PROVIDING FOR NOTICE AND HEARING IN CONNECTION WITH PROPOSED CLASS ACTION SETTLEMENT WITH BROADCOM DEFENDANTS**<br><br>**Honorable Manuel L. Real** |

WHEREAS, as of April 30, 2010, certain parties to the above-captioned action (the "Litigation") entered into a Stipulation and Agreement of Settlement With Broadcom Defendants (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the

exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Consolidated Amended Complaint ("Amended Complaint") on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying exhibits; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 1st day of June, 2010 that:

1. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the settlement hearing described below.

2. The Court hereby preliminarily certifies the following class for the purposes of settlement only (the "Settlement Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: all persons and entities that purchased or otherwise acquired the Class A common stock of Broadcom during the period from July 21, 2005 through July 13, 2006, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: the current or former defendants in the Litigation; the officers and directors of the Company; the members of the immediate families of the current or former individual defendants in the Litigation; the legal representatives, heirs, successors or assigns of any excluded Person; any entity in which any current or former defendant has or had a controlling interest; shares of Broadcom Class A common stock purchased by any Broadcom employee who acquired the shares through the exercise of incentive stock options from July 21, 2005 through July 13, 2006, inclusive; and any Person who timely and validly seeks exclusion from the Settlement Class.

3. The Court finds and concludes that the prerequisites of class action certification under Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein and for the purposes of settlement only, in that:

    (a) the members of the Settlement Class are so numerous that joinder of all Class Members is impracticable;

    (b) there are questions of law and fact common to the Class Members;

    (c) the claims of New Mexico State Investment Council ("Lead Plaintiff") are typical of the Settlement Class's claims;

    (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Settlement Class;

    (e) the questions of law and fact common to the Class Members predominate over any individual questions; and

    (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Class Members in the Litigation are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is any intent among Class Members in individually controlling the litigation of their claims.

  4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff New Mexico State Investment Council is preliminarily certified as Class Representative.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel.

  5. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on August 2, 2010, at 10:00 a.m. for the following purposes:

    (a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

  (b) to determine whether the Final Order and Judgment as to Broadcom Defendants ("Judgment") as provided under the Stipulation should be entered, dismissing the Amended Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

  (c) to determine whether the Settlement Class should be certified for the purposes of settlement only and the appointment of Lead Plaintiff and Lead Counsel as Class Representative and Class Counsel, respectively;

  (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is reasonable and should be approved by the Court;

  (e) to consider Lead Counsel's application for an award of attorneys' fees and expenses;

  (f) to consider Lead Plaintiff's application, if any, for its reasonable costs and expenses (including lost wages) relating to its representation of the Settlement Class; and

  (g) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement and dismissing the Amended Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement With Broadcom

Defendants (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2 respectively.

8. The Court approves the appointment of The Garden City Group as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before June 4, 2010 ("Notice Date"), to all Class Members who can be identified with reasonable effort. Defendant Broadcom Corporation ("Broadcom"), to the extent it has not already done so, shall cause its transfer records and shareholder information to be made available to the Claims Administrator within seven (7) calendar days from the date of this order for the purpose of identifying and giving notice to the Settlement Class. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Broadcom Class A common stock during the period from July 21, 2005 through July 13, 2006, inclusive, (the "Class Period") as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either send copies of the Notice and Proof of Claim to their beneficial owners by first class mail, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first class mail. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses incurred in sending the Notices and Proofs of Claim to

beneficial owners. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

9. The Court approves the form of the Summary Notice of Pendency of Class Action and Proposed Settlement With Broadcom Defendants ("Summary Notice") substantially in the form annexed hereto as Exhibit 3 and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and transmitted over *Business Wire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

10. The form and content of the notice program described herein, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11. In order to be entitled to receive a distribution from the net monetary recovery pursuant to the Settlement (the "Net Settlement Fund"), in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked not later than seventy (70) calendar days after the Notice Date. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid)

provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

      (b)    The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

      (c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

      (d)    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall

determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court.

   (e) Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to afford the claimant the opportunity to remedy curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the claimant whose claim is to be rejected in whole or in part has the right to a review by the Court if such claimant so desires and if such claimant complies with the requirements below.

   (f) If any claimant who is notified by the Claims Administrator that the Claims Administrator intends to propose that his, her or its claim be rejected in whole or in part desires to contest such rejection, such claimant must, within the deadline established by the Claims Administrator, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

  12. Class Members shall be bound by all orders, determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such an exclusion request shall mail the request in written form by first class mail postmarked no later than July 16, 2010, seventeen (17) calendar days prior to the date set herein for the Settlement Hearing, to the address designated in the Notice for such exclusions.

Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in *In re Broadcom Corp. Class Action Litigation*, No. CV-06-5036-R (CWx), and must be signed by such person.  Such persons requesting exclusion are also directed to state:  the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Broadcom common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

13.    Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

14.    The Court will consider objections to the Settlement, the Plan of Allocation, the award of attorneys' fees or reimbursement of expenses only if such objections and any supporting papers are filed in writing with:

> Clerk of the Court
> United States District Court
>     for the Central District of California
> Spring Street Courthouse
> 312 N. Spring Street,
> Los Angeles, CA 90012

and copies of all such papers are delivered or sent by first class mail (with a corresponding postmark), on or before July 16, 2010, seventeen (17) calendar days prior to the date set herein for the Settlement Hearing, upon each of the following:

*On behalf of Lead Plaintiff and the Settlement Class:*

LABATON SUCHAROW LLP
Thomas A. Dubbs
Nicole M. Zeiss
140 Broadway
New York, New York 10005

*On behalf of the Settling Defendants:*

| | | |
|---|---|---|
| 1 | IRELL & MANELLA LLP<br>Daniel P. Lefler | SKADDEN, ARPS, SLATE,<br>MEAGHER AND FLOM LLP |
| 2 | 1800 Avenue of the Stars<br>Suite 900 | Richard Marmaro<br>300 South Grand Avenue, Suite |
| 3 | Los Angeles, CA  90067-4276 | 3400 |
| 4 | Counsel for Defendant Broadcom<br>Corporation | Counsel for Defendant William J.<br>Ruehle |
| 5 | | |
| 6 | MCDERMOTT, WILL & EMERY<br>Gordon A. Greenberg | DLA PIPER LLP (US)<br>Shirli Fabbri Weiss |
| 7 | 2049 Century Park East<br>34th Floor | 401 B Street, Suite 1700<br>San Diego, CA  92101-4297 |
| 8 | Los Angeles, CA  90067 | Counsel for Defendants Alan E. |
| 9 | Counsel for Defendant Henry Samueli | Ross and Werner F. Wolfen |
| 10 | O'MELVENY & MYERS LLP<br>Seth Aronson | |
| 11 | 400 South Hope Street<br>Los Angeles, CA  90071 | |
| 12 | Counsel for Defendant David A. Dull | |

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the requests for attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the requests for an award of attorneys' fees and other expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

15. Any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, and/or the requests for an award of attorneys' fees and other expenses, unless otherwise ordered by the

Court, but shall otherwise be bound by the judgment to be entered and the releases to be given.

16. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

17. As provided in the Stipulation, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund, including paying taxes, without further order of the Court.

18. All papers in support of the Settlement, Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and expenses and Lead Plaintiff's request, if any, for its reasonable costs and expenses (including lost wages) relating to its representation of the Settlement Class shall be filed with the Court and served by overnight mail or hand delivery on or before July 12, 2010, twenty-one (21) calendar days prior to the date set herein for the Settlement Hearing. Any reply papers in further support of the above motions shall be served and filed on or before seven (7) calendar days prior to the Settlement Hearing.

19. No person who is not a Class Member, Lead Plaintiffs or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

21. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Plaintiff, Lead Counsel or Settling Defendants elect to terminate the Settlement as provided in paragraphs 40 through 42 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and each Settling Party shall be restored to his, her or its respective litigation position as it existed prior to the execution of the Agreement in Principle by the Settling Parties on December 22, 2009.

22. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

Dated: June 1, 2010

_____
Honorable Manuel L. Real
UNITED STATES DISTRICT JUDGE