Darrell Palmer (SBN 125147)
Janine R. Menhennet (SBN 163501)
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655
Email: darrell.palmer@palmerlegalteam.com

Attorney for Objector Smokestack Lightening Ltd "Marisco"

FILED 2010 JUL 19 PM 4:31 CLERK, U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| In Re BROADCOM CORPORATION CLASS ACTION LITIGATION | Case No. 06-cv-5036-R (CWx) (Lead Case) **OBJECTION OF SMOKESTACK LIGHTENING LTD "MARISCO" TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR** Date: August 2, 2010 Time: 10:00 a.m. Judge: Hon. Manuel L. Real |
|---|---|

COMES NOW, SMOKESTACK LIGHTENING LTD "MARISCO" ("Objector") Class Member to this action, by and through its undersigned counsel, and hereby files these Objections to the Proposed Class Action Settlement, gives notice of its counsel's intent to appear at the final settlement hearing, and request awards of an incentive fee for serving as unnamed class member objector.

Objector, SMOKESTACK LIGHTENING LTD "MARISCO", represents to the court that it is a Class Member, qualified to make a claim for the proposed relief as set

1

forth in the NOTICE OF CLASS ACTION SETTLMENT. Below is a list of Broadcom stock purchased during the Class Period:

| Acquisition Date | Liquidation Date | Qty | Acquisition Price | Liquidation Price |
|---|---|---|---|---|
| 1/19/2006 | 3/14/2006 | 69 | $ 59.3360 | $ 44.4820 |
| 2/3/2006 | 3/14/2006 | 18 | $ 68.3620 | $ 44.4820 |

**The De Minimis Provision Is Unfair to Individual Investors**

The *de minimis* provisions is unfair to class members with smaller claims because as more claims are filed, each class member's pro rata share decreases making it less likely they will receive compensation. With no better alternative, many courts have held that *de minimis provisions* are beneficial for the class because they prevent waste on administrative expenses that tend to exceed the minimal value being paid to the class members. *See In re Gilat Satellite Networks, Ltd.,* No. CV 02-1510, 2007 WL 1191048, at *9 (E.D.N.Y. Apr. 19, 2007) (noting courts frequently approve *de minimis provisions*, often at ten dollars); *See also In re Global Crossing Sec. & ERISA Litig.,* 225 F.R.D. 436, 463(S.D.N.Y. 2004) (discussing how the administrative expense associated with writing checks and following up with class members justifies a $10 *de minimis* threshold for the overall benefit of the class). Recently however, a court recognized the ethical conflict class counsel faces when arguing for a *de minimis* provision and came up with a practical solution.

2

06-CV-5036-R (CWx)
OBJECTION OF SMOKESTACK LIGHTENING LTD "MARISCO" TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

> "Class counsel, as fiduciaries of the interests of the class, argued for the inclusion of the *de minimis* provision; however, the *de minimis* provision would have undoubtedly wiped out the recovery of a portion of the class members, and class counsel admitted to having **no idea** how many of its clients the provision would affect. If the provision affected the majority of the class, class counsel would have found themselves in the awkward ethical position of having advocated what was to the detriment of the majority of the class, their clients."

*In re Dell Inc.*, No. 06-CA-726 2010 WL 2371834, at *9 FN4 (W.D. Tex. June 11, 2010). To eliminate any potential conflict of interest, the court eliminated the *de minimis* provision. *Id.* Instead, the court replaced it by limiting each claimant to one check negotiable within 60 days. *Id.* The court stated this solution was in the overall interest of the class members and would eliminate excessive administrative expenses associated with *de minimis* claimants. *Id.*

This court should adopt a similar provision to replace the $10 *de minimis* threshold advocated by class counsel. In the Notice of Pendency of Class Action and Proposed Settlement With Defendants Broadcom ("Notice"), class counsel notified class members that it would be unlikely for anyone to receive the full value of their damages due to the size of the class. (Notice at 5). This tells us two things. First, class counsel will not know how many shares you must have held to be eligible for payment until all the claims are filed and tabulated. Second, as more class members file claims, more shares are required to meet the *de minimis* threshold. This places class counsel in a similar ethical

dilemma because they are advocating for a provision that is potentially detrimental to a large portion of the class.

A *de minimis* provision is intended to avoid excessive administrative expenses associated with writing checks, mailing checks, cancelling checks that were lost, misplaced, or never received, contacting claimants, and reallocating funds to other class members through second or third distributions. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. at 463. Replacing the *de minimis* provision with one similar to that in *Dell* not only eliminates these expenses, but also removes any ethical dilemma and neutralizes the inherent bias for institutional investors by giving **all** class members their fair shake.

### *ATTORNEYS' FEES ARE ARBITRARY AND UNFAIR*

Under the common fund doctrine attorneys may recover fees from the damage award. *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). The Ninth Circuit has approved either calculating fees using the percentage of the fund method or the lodestar method. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Either way, the requested fees must be reasonable under the circumstances. *Rodriguez v. West Publishing Corp.*, 563 F. 3d 948, 967 (9th Cir. 2009). Private securities class actions are also subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. It states that "total attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a

4

reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. § 78u-4(a)(6).

The Ninth Circuit has established 25 percent of a settlement fund as a "benchmark" award for attorneys' fees in common fund cases. *Six Mexican Workers* 904 F.2d at 1311. However, as a court recently noted "There is nothing inherently reasonable about a 25 percent recovery, and the courts applying this method have failed to explain the basis for the idea that a benchmark fee of 25 percent is logical or reasonable." *In re Infospace Inc.*, 330 F. Supp. 2d 1203, 1210 (W.D. Wash. 2004). This circuit agrees, "there is no necessary correlation between any particular percentage and a reasonable fee." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 129 (9th Cir.1994) ("WPPSSS").

In private securities actions, "awarding large fee awards to plaintiffs' counsel from the settlement fund does not promote the objectives of the PSLRA." *In re Infospace Inc.*, 330 F. Supp 2d at 1210. To avoid overcompensating class counsel, this court should calculate the attorneys' fees using the lodestar method. This is more appropriate because determining the reasonableness of fees based on an arbitrary benchmark produces artificial results. *See In re Washington Pub. Power Sys. Sec. Litig.*, 779 F. Supp 1056, 1060 (D. Ariz. 1991).

Lodestar calculates fees by multiplying the number of hours reasonably spent on the litigation by a reasonable rate. *Pennsylvania v. Delaware Valley Citizens' Council*

5

*for Clean Air,* 478 U.S. 546, 565 (1986). The court may then make adjustments to the lodestar figure using a multiplier if necessary to arrive at a reasonable fee. *Blum v. Stenson,* 465 U.S. 886, 888 (1984). Class counsel bears the burden of supporting his request for fees and costs. *Fischer v. SJB-P.D., Inc.,* 214 F. 3d 1115, 1121 (9th Cir. 2000). If the documentation supporting the request is inadequate, the district court may reduce the award accordingly. *Cortes v. Metro. Life Ins. Co.,* 380 F. Supp. 2d 1125, 11323 (C.D. Cal. 2005).

      Here, class counsel is billing for over 44,000 hours. The only time records provided name each employee, their job title, how many hours they worked, and what they charge. In a case where the attorneys are requesting almost thirty million dollars, the court cannot properly discharge its fiduciary duty to the class by reviewing only this document. A proper lodestar is calculated with **reasonable** hours expended. The court should not grant the attorneys' fees without making an informed decision that the billed time was reasonable and not duplicative, or unnecessary. Class counsel should be required to submit their detailed time sheets for review by the Court and their clients (the class) – the disparity of interests between class counsel and their clients requires this crutiny and such submissions are the standard practice in cases demanding multi-million dollar fees.

### The Requested Lodestar Multiplier Should be Decreased

Class counsel is requesting approximately a 1.86 multiplier based on the submitted time records. *Kerr v. Screen Extras Guild, Inc.*, 526, F. 2d 67, 70 (9th Cir. 1997) details the twelve factors to consider when calculating the appropriate lodestar multiplier. They are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* The *Kerr* factors were never intended to be exhaustive or exclusive. *Chalmers v. Los Angeles*, 796 F. 2d 1205, 1211 (9th Cir. 1995).

The degree of success obtained is "the most critical factor" in determining the reasonableness of a fee request. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "In judging the plaintiff's level of success and the reasonableness of hours spent achieving that success, a district court should " 'give primary consideration to the amount of damages awarded as compared to the amount sought.'" *McCown v. City of Fontanta*, 565 F. 3d 1097, 1104 (9th Cir. 2009); *quoting Farrar v. Hobby*, 503 U.S. 106, 114 (1992).

7

06-CV-5036-R (CWx)
OBJECTION OF SMOKESTACK LIGHTENING LTD "MARISCO" TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

According to the Consolidated Amended Class Action Complaint, over $2 billion dollars in market capitalization was wiped out due to the disclosures of defendant's accounting practices. While a recovery of $160 million dollars is an undoubtedly a large settlement, when considering the total potential recovery this cannot be considered an exceptional result deserving of a substantial multiplier. Had this case been tried and won the potential recovery could have dwarfed this settlement. Higher multipliers should be reserved to reward the risks associated with jury trials or taking on the challenge of unprecedented legal issues. The multiplier here serves mostly to reward class counsel for taking the case on contingency. This is a risk associated with all securities class actions. Awarding high multipliers to cases where exceptional risk is not undertaken creates a disincentive to participate in risky litigation in the future. Lodestar multipliers can only get so high until the entire fund ends up straight in the attorneys pocket. This was only a moderately risky case in the securities field and should be rewarded as such.

Dated:  July 16, 2010           By: _____

Darrell Palmer, Attorney for Objector,
Smokestack Lightening Ltd "Marisco"

8

06-CV-5036-R (CWx)
OBJECTION OF SMOKESTACK LIGHTENING LTD "MARISCO" TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

1  In Re Broadcom Corporation Class Action Litigation
   Case No. 06-cv-5036-R

2  **DECLARATION OF SERVICE**
   **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**
3

4  I, Maria V. Carapia, declare as follows:

5  I am employed with the Law Offices of Darrell Palmer whose address is 603 N. Hwy 101, Suite A, Solana Beach, California 92075. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen (18) and I am not a party to this action.

6

7  On July 16, 2010, I caused to be served the following:

8  **Objection of Smokestack Lightening Ltd "Marisco" to Proposed Settlement and Notice of Intent to Appear**
9

10 on the interested parties:

11 SEE ATTACHED SERVICE LIST

12
13 ___  by placing a copy in an envelope addressed to the addressee as indicated above and personally serving on this day.

14 ___  by sending a copy via overnight mail. Airbill No. _____.

15  X   by placing a copy in an envelope, with postage fully prepaid, for the addressee named above for collection and mailing on the above indicated day following the
16      ordinary business practices of our offices

17 ___  by sending a copy via facsimile transmission to the facsimile number(s) indicated above. The facsimile machine I used complied with California Rules of Court,
18      Rule 2003, and no error was reported by machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the
19      transmission, a copy of which is attached to this declaration.

20  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 16, 2010, at Solana Beach, California.

21
22
23                                              Maria V. Carapia
24
25
26
27
28

# SERVICE LIST

| | |
|---|---|
| Thomas A. Dubbs<br>Nicole M. Zeiss<br>Labaton Sucharow LLP<br>tdubbs@labaton.com<br>nzeiss@labaton.com<br>140 Broadway<br>New York, NY 10005<br>*Counsel for Lead Plaintiff and Settlement Class*<br><br>Gordon A. Greenberg<br>McDermott Will & Emery<br>ggreenberg@mwe.com<br>2049 Century Park East, 38th Floor<br>Los Angeles, CA 90067<br>*Counsel for Defendant Henry Samueli*<br><br>Seth Aronson<br>O'Melveny & Myers LLP<br>saronson@omm.com<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>*Counsel for Defendant David A. Dull* | Daniel P. Lefler<br>Irell & Manella LLP<br>dlefler@irell.com<br>1800 Avenue of the Stars, Ste. 900<br>Los Angeles, CA 90067-4276<br>*Counsel for Defendant Broadcom Corp.*<br><br>Richard Marmaro<br>Skadden Arps Slate Meagher and Flom<br>richard.marmaro@skadden.com<br>300 Grand Avenue, Ste. 3400<br>Los Angeles, CA 90071-3144<br>*Counsel for Defendant William J. Ruehle*<br><br>Shirli Fabbri Weiss<br>DLA Piper LLP (US)<br>shirli.weiss@dlapiper.com<br>401 B Street, Ste. 1700<br>San Diego, CA 92101-4297<br>*Counsel for Defendants Alan E. Ross and Werner F. Wolfen* |