J S - 6

JOSEPH J. TABACCO, JR.  #75484
Email:  jtabacco@bermandevalerio.com
NICOLE LAVALLEE  #165755
Email:  nlavallee@bermandevalerio.com
**BERMAN DeVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:   (415) 433-6382

*Liaison Counsel for Lead Plaintiff New Mexico
State Investment Council and the Class*

THOMAS A. DUBBS (admitted *pro hac vice*)
Email:  tdubbs@labaton.com
JOSEPH A. FONTI (admitted *pro hac vice*)
Email:  jfonti@labaton.com
STEPHEN W. TOUNTAS (admitted *pro hac vice*)
Email:  stountas@labaton.com
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Lead Counsel for Lead Plaintiff New Mexico
State Investment Council and the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| In re BROADCOM CORPORATION CLASS ACTION LITIGATION | Lead Case No.:  CV-06-5036-R (CWx) |
| | **FINAL ORDER AND JUDGMENT AS TO BROADCOM DEFENDANTS** |
| | **Honorable Manuel L. Real** |

**WHEREAS:**

A.     As of April 30, 2010, Lead Plaintiff, New Mexico State Investment Council ("Lead Plaintiff"), acting on behalf of itself and the Settlement Class, entered into a Stipulation and Agreement of Settlement With Broadcom Defendants (the "Stipulation") with the Settling Defendants in these consolidated actions (the "Litigation").

B.     Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in Connection With Proposed Class Action Settlement With Broadcom Defendants, entered June 1, 2010 (the "Preliminary Approval Order"), the Court scheduled a hearing for August 2, 2010, at 10:00 a.m. (the "Settlement Hearing") to: (a) determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (b) determine whether a judgment as provided for in the Stipulation should be entered.  The Court ordered that the Notice of Pendency of Class Action and Proposed Settlement With Broadcom Defendants (the "Notice") and a Proof of Claim and Release Form ("Proof of Claim"), in the form attached as Exhibits 1 and 2 to the Preliminary Approval Order, be mailed by first-class mail, postage prepaid, on or before June 4, 2010, 2010 ("Notice Date") to all putative Class Members at the address of each such Person as set forth in the records of Broadcom Corporation ("Broadcom") or its transfer agent, or who otherwise could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action and Hearing on Proposed Settlement With Broadcom Defendants (the "Summary Notice"), in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *Business Wire* within fourteen (14) calendar days of the Notice Date.

C.     The Notice and the Summary Notice advised Class Members of the date, time, place and purpose of the Settlement Hearing.  The Notice further

1 advised that any objections to the Settlement were required to be filed with the

2 Court and served on counsel for the Settling Parties by July 16, 2010.

3     D.     The provisions of the Preliminary Approval Order as to notice were

4 complied with.

5     E.     On July 12, 2010, Lead Plaintiff moved for final approval of the

6 Settlement, as set forth in the Preliminary Approval Order.  The Settlement

7 Hearing was duly held before this Court on August 2, 2010, at which time all

8 interested Persons were afforded the opportunity to be heard.

9     F.     This Court has duly considered the Lead Plaintiff's motion, the

10 affidavits, declarations and memorandum of law submitted in support thereof, and

11 all of the submissions and arguments presented with respect to the proposed

12 Settlement.

13     NOW, THEREFORE, after due deliberation, IT IS ORDERED,

14 ADJUDGED AND DECREED that:

15     1.     This Judgment incorporates by reference the definitions in the

16 Stipulation, and all capitalized terms used herein shall have the same meanings as

17 set forth in the Stipulation.

18     2.     This Court has jurisdiction over the subject matter of the Litigation

19 and over all Settling Parties to the Litigation, including all members of the

20 Settlement Class.

21     3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

22 hereby finally certifies, for the purposes of settlement only, this Litigation as a

23 class action on behalf of all persons and entities that purchased or otherwise

24 acquired the Class A common stock of Broadcom Corporation during the period

25 from July 21, 2005 through July 13, 2006, inclusive, (the "Class Period"), and

26 were allegedly damaged thereby (the "Settlement Class").  Excluded from the

27 Settlement Class are:  the current or former defendants in the Litigation; the

28 officers and directors of the Company; the members of the immediate families of

1  the current or former individual defendants in the Litigation; the legal

2  representatives, heirs, successors or assigns of any excluded Person; any entity in

3  which any current or former defendant has or had a controlling interest; shares of

4  Broadcom Class A common stock purchased by any Broadcom employee who

5  acquired the shares through the exercise of incentive stock options from July 21,

6  2005 through July 13, 2006, inclusive; and any Person that timely and validly

7  sought exclusion from the Settlement Class, as listed on Exhibit A hereto.

8      4.     The Court hereby appoints New Mexico State Investment Council as

9  Class Representative and Labaton Sucharow LLP as Class Counsel.

10     5.     The notification provided for and given to the Settlement Class was in

11 compliance with the Preliminary Approval Order, and said notification constituted

12 the best notice practicable under the circumstances and is in full compliance with

13 the notice requirements of due process, Federal Rule of Civil Procedure 23 and

14 Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-

15 4(a)(7).

16     6.     The proposed Settlement of the Litigation on the terms and conditions

17 set forth in the Stipulation is in all respects fair, reasonable and adequate, in light

18 of the benefits to the Settlement Class, the complexity, expense and possible

19 duration of further litigation against the Settling Defendants, the risks of

20 establishing liability and damages and the costs of continued litigation.  This Court

21 further finds the Settlement set forth in the Stipulation is the result of arm's-length

22 negotiations between experienced counsel representing the interests of the Lead

23 Plaintiff, the Settlement Class and Settling Defendants.

24     7.     The Stipulation and the proposed Settlement are hereby approved as

25 fair, reasonable, adequate, and in the best interests of the Class Members, and shall

26 be consummated in accordance with the terms and provisions of the Stipulation.

27     8.     The Consolidated Amended Class Action Complaint, filed October

28 27, 2008, is hereby dismissed in its entirety as to all Settling Defendants, with

1  prejudice, and without costs to any Party, except as otherwise provided in the

2  Stipulation.

3       9.    The Court further finds, pursuant to the Private Securities Litigation

4  Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 (c), that during the course of

5  the Litigation, the Settling Parties and their respective counsel at all times

6  complied with the requirements of Federal Rule of Civil Procedure 11.

7       10.    Upon the Effective Date, Lead Plaintiff and each Class Member,

8  whether or not such Class Member executes and delivers a Proof of Claim, other

9  than those listed in Exhibit A hereto, on behalf of themselves and each of their

10 respective heirs, executors, trustees, administrators, predecessors, successors and

11 assigns shall have fully, finally and forever waived, released, discharged and

12 dismissed each and every one of the Released Claims against each and every one

13 of the Released Defendant Parties and shall forever be barred and enjoined,

14 without the necessity of posting a bond, from commencing, instituting, prosecuting

15 or maintaining any of the Released Claims against any of the Released Defendant

16 Parties.

17      11.    Upon the Effective Date, each of the Settling Defendants, on behalf of

18 themselves and each of their respective heirs, executors, trustees, administrators,

19 predecessors, successors and assigns shall have fully, finally and forever waived,

20 released, discharged and dismissed each and every one of the Released

21 Defendants' Claims, as against each and every one of the Released Plaintiff Parties

22 and shall forever be barred and enjoined, without the necessity of posting a bond,

23 from commencing, instituting, prosecuting or maintaining any of the Released

24 Defendants' Claims against any of the Released Plaintiff Parties.

25      12.    Pursuant to §21D(f)(7) of the PSLRA, 15 U.S.C. §78u-4(f)(7), each of

26 the Released Defendant Parties are hereby discharged from all claims and future

27 claims for contribution by any Person, whether arising under state, federal or

28 common law, arising out of the Litigation.  Accordingly, to the full extent provided

1   by the PSLRA, the Court hereby bars all the claims referred to in this paragraph:

2   (a) by any Person against the Released Defendant Parties; and (b) by the Released

3   Defendant Parties against any Person, other than any Person whose liability has

4   been extinguished pursuant to the Stipulation and this Judgment.

5        13.    Any final verdict or judgment in the Litigation obtained by or on

6   behalf of the Lead Plaintiff or the Settlement Class, if any, against any Person,

7   other than the Released Defendant Parties, shall be reduced in accordance with the

8   PSLRA.

9        14.    Each Class Member, whether or not such Class Member executes and

10  delivers a Proof of Claim, other than those listed in Exhibit A hereto, is bound by

11  this Judgment, including, without limitation, the release of claims as set forth in the

12  Stipulation.

13       15.    This Judgment and the Stipulation, and all papers related thereto are

14  not, and shall not be construed to be, an admission by any of the Settling

15  Defendants of any liability, damages or wrongdoing whatsoever, and shall not be

16  offered as evidence of any such liability, damages or wrongdoing in this or any

17  other proceeding.

18       16.    The administration of the Settlement, and the decision of all disputed

19  questions of law and fact with respect to the validity of any claim or right of any

20  Person to participate in the distribution of the Net Settlement Fund, shall remain

21  under the authority of this Court.

22       17.    In the event that the Settlement does not become effective in

23  accordance with the terms of the Stipulation, then this Judgment shall be rendered

24  null and void to the extent provided by and in accordance with the Stipulation and

25  shall be vacated, and in such event, all orders entered and releases delivered in

26  connection herewith shall be null and void to the extent provided by and in

27  accordance with the Stipulation.

28

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     Any Court order regarding the Plan of Allocation or the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Net Settlement Fund, including interest earned thereon, (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing and administering the Settlement.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: August 11, 2010

_____
Honorable Manuel L. Real
UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1.  Della M. Blakemore
2.  Linda E. Marett IRA
3.  Vernon S. Marett, Jr. and Linda E. Marett Joint WROS
4.  Vernon S. Marett, Jr. IRA
5.  Mary C. Shue