JOSEPH J. TABACCO, JR.  #75484          JS-6
Email:  jtabacco@bermandevalerio.com
NICOLE LAVALLEE  #165755
Email:  nlavallee@bermandevalerio.com
**BERMAN DeVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:   (415) 433-6382

*Liaison Counsel for Class Representative New Mexico*
*State Investment Council and the Class*

THOMAS A. DUBBS (admitted *pro hac vice*)
Email:  tdubbs@labaton.com
JOSEPH A. FONTI (admitted *pro hac vice*)
Email:  jfonti@labaton.com
STEPHEN W. TOUNTAS (admitted *pro hac vice*)
Email:  stountas@labaton.com
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Class Counsel for Class Representative New Mexico*
*State Investment Council and the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| In re BROADCOM CORPORATION CLASS ACTION LITIGATION | Lead Case No.:  CV-06-5036-R (CWx) |
| | **FINAL ORDER AND JUDGMENT AS TO ERNST & YOUNG LLP** |
| | **Honorable Manuel L. Real** |

**WHEREAS:**

A.      As of September 27, 2012, Class Representative, New Mexico State Investment Council ("Class Representative"), acting on behalf of itself and the Class, entered into a Stipulation and Agreement of Settlement with Ernst & Young LLP (the "Stipulation") with Ernst & Young LLP ("EY" or the "Defendant") in these consolidated actions (the "Litigation").

B.      Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in Connection With Proposed Class Action Settlement With Ernst & Young LLP, entered October 12, 2012 (the "Preliminary Approval Order"), the Court scheduled a hearing for December 3, 2012, at 10:00.m. (the "Settlement Hearing") to: (a) determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (b) determine whether a judgment as provided for in the Stipulation should be entered.  The Court ordered that the Notice of Pendency of Class Action and Proposed Settlement With Ernst & Young LLP and Motion for Attorneys' Fees and Expenses (the "Notice") and, where applicable, a Proof of Claim and Release Form ("Proof of Claim"), in the form attached as Exhibits 1 and 2 to the Preliminary Approval Order, be mailed by first-class mail, postage prepaid, on or before October 16, 2012 ("Notice Date") to all putative Class Members at the address of each such Person as set forth in the records of Broadcom Corporation ("Broadcom") or its transfer agent, or who otherwise could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action and Hearing on Proposed Settlement With Ernst & Young LLP and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *Business Wire* within fourteen (14) calendar days of the Notice Date.

C.     The Notice and the Summary Notice advised Class Members of the date, time, place and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties by November 19, 2012.

D.     The provisions of the Preliminary Approval Order as to notice were complied with.

E.     On November 2, 2012, Class Representative moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on December 3, 2012, at which time all interested Persons were afforded the opportunity to be heard.

F.     This Court has duly considered the Class Representative's motion, the affidavits, declarations and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all members of the Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, on May 9, 2012, the Court entered the Order Certifying the Proposed Class and Appointing Class Representative and Class Counsel, certifying this Litigation as a class action on behalf of all persons and entities that purchased or otherwise acquired the Class A common stock of Broadcom Corporation during the period from February 14, 2006 through May 25, 2006, inclusive, (the "Class Period"), and were allegedly damaged thereby (the "Class").  Additionally, excluded from the Class are:  the

current or former defendants in the Litigation; the partners, directors, and principals of EY; the members of the immediate families of the former individual defendants in the Litigation; the legal representatives, heirs, successors or assigns of any excluded Person; any entity in which any current or former defendant has or had a controlling interest; shares of Broadcom Class A common stock purchased by any Broadcom employee who acquired the shares through the exercise of incentive stock options from February 14, 2006 through May 25, 2006, inclusive; and any Person who timely and validly seeks exclusion from the Class, as listed on Exhibit A hereto.

4.    The notification provided for and given to the Class was in compliance with the Preliminary Approval Order, and said notification constituted the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Federal Rule of Civil Procedure 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7).

5.    The proposed Settlement of the Litigation on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, in light of the benefits to the Class, the complexity, expense and possible duration of further litigation against EY, the risks of establishing liability and damages and the costs of continued litigation.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Class Representative, the Class and the Defendant.

6.    The Stipulation and the proposed Settlement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class Members, and shall be consummated in accordance with the terms and provisions of the Stipulation.

7.     The Consolidated Amended Class Action Complaint, filed October 27, 2008, is hereby dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

8.     The Court further finds, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 (c), that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

9.     Upon the Effective Date, Class Representative and each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed in Exhibit A hereto, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns shall have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined, without the necessity of posting a bond, from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties.

10.     Upon the Effective Date, EY, on behalf of itself and its heirs, executors, trustees, administrators, predecessors, successors and assigns shall have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendant's Claims, as against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined, without the necessity of posting a bond, from commencing, instituting, prosecuting or maintaining any of the Released Defendant's Claims against any of the Released Plaintiff Parties.

11.     Pursuant to §21D(f)(7) of the PSLRA, 15 U.S.C. §78u-4(f)(7), each of the Released Defendant Parties are hereby discharged from all claims and future claims for contribution by any Person, whether arising under state, federal or

common law, arising out of the Litigation.  Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all the claims referred to in this paragraph: (a) by any Person against the Released Defendant Parties; and (b) by the Released Defendant Parties against any Person, other than any Person whose liability has been extinguished pursuant to the Stipulation and this Judgment.

12.     Any final verdict or judgment in the Litigation obtained by or on behalf of the Class Representative or the Class, if any, against any Person, other than the Released Defendant Parties, shall be reduced in accordance with the PSLRA.

13.     Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed in Exhibit A hereto, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

14.     This Judgment and the Stipulation, and all papers related thereto are not, and shall not be construed to be, an admission by EY of any liability, damages or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, damages or wrongdoing in this or any other proceeding.

15.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

1        17.    Without further order of the Court, the Parties may agree to

2    reasonable extensions of time to carry out any of the provisions of the Stipulation.

3        18.    Any Court order regarding the Plan of Allocation or the attorneys' fee

4    and expense application shall in no way disturb or affect this Judgment and shall

5    be considered separate from this Judgment.

6        19.    Without affecting the finality of this Judgment in any way, this Court

7    hereby retains continuing jurisdiction over: (a) implementation of the Settlement

8    and any award or distribution of the Net Settlement Fund, including interest earned

9    thereon, (b) disposition of the Settlement Fund; (c) hearing and determining

10   applications for attorneys' fees, costs, interest and reimbursement of expenses in

11   the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing

12   and administering the Settlement.  There is no just reason for delay in the entry of

13   this Judgment and immediate entry by the Clerk of the Court is expressly directed.

14

15   Dated: Dec. 4, 2012

16

17   _____

18   Honorable Manuel L. Real
     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

Donald J. Kovacic